[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: APPLICATION FOR PREJUDGMENT REMEDY
This matter was returned to this court on September 24, 1991 by complaint dated August 21, 1991. The plaintiff claims damages for injuries sustained in a motor vehicle accident. On January 11, 1994, the plaintiff filed this application for prejudgment remedy. The plaintiff requested an attachment of defendant's one-half interest in real property located in the Town of Naugatuck and described in a deed marked Defendant's Exhibit A. The defendant has filed an objection to the application for prejudgment remedy, dated February 3, 1994. Both parties have filed memoranda in support of their respective positions and a hearing was held before the undersigned on the plaintiff's claim for prejudgment remedy. Evidence of liability and damages was presented to the court. After considering all of the evidence presented at the hearing, the court finds that there is probable cause that judgment will be rendered in favor of the plaintiffs. See New England Land Company Ltd. v. DeMarkey, 213 Conn. 612 (1990). The plaintiff submitted medical bills in excess of $40,000 (Plaintiff's Exhibit 2), and testified that she underwent surgery resulting from injuries sustained in this accident and is presently disabled.
The thrust of the defendant's objection to the prejudgment remedy application centers around the change in the prejudgment remedy statute, Public Act 93-431, which became effective January 1, 1994. The defendant claims that the application is dated after the effective date of the new statute and that the plaintiff has not adapted her application to the requirements of the new public act. Both parties argue whether the public act should be retroactively applied to an action that was instituted prior to its adoption. In addition, the plaintiff argues that the new public act really concerned the forms and procedures involved in filing an application for prejudgment remedy prior to the institution of the action and the filing of the complaint. CT Page 2890
In the instant matter, the application was filed almost two and one-half years after the institution of the action. Connecticut General Statutes 52-278h was not repealed by the new public act and provides that a prejudgment remedy can be filed by the plaintiff any time after the institution of the action, as is the case in the instant matter, "and the forms and procedures provided therein shall be adapted accordingly." (Emphasis added.) It is obvious that the forms, both in the old statute and in the new public act must be adapted when the application for prejudgment remedy is sought after the institution of the action.
The court finds that the plaintiff did not have to precisely follow the forms of the old law or the new public act and that the forms utilized by the plaintiff here were adequately adapted in accordance with Connecticut General Statutes 52-278h
to advise the defendant of its intent to claim a prejudgment remedy. Therefore, the court does not find it necessary to address the defendant's claim that the forms used by the plaintiff here did not conform with the Public Act 93-431 and whether, in fact, the new public act is applicable to this matter which was instituted prior to the effective date of that public act.
Based on the testimony of the plaintiff, the medical records and reports submitted in evidence (Plaintiff's Exhibit 2), the court finds that there is probable cause that a verdict will be rendered in favor of the plaintiff in the amount of $175,000. Therefore, the court will order a prejudgment remedy in the form of "a real estate attachment only against the defendant, Jorge M. Carreira's one-half interest in real estate described in Defendant's Exhibit A, subject, of course, to the defendant Carreira's homestead exemption set forth in Connecticut General Statutes 52-352 (a)e.
/s/ Pellegrino, J. PELLEGRINO